and thus were not entitled to avoid its effects by failing to appear at the October 4 hearing or inquire further about the proceeding (*see e.g. Matter of McCormick v Axelrod*, 59 NY2d 574, 585 [1983]). To the extent the IAS court denied the motion against ECI for those events occurring up to November 4, the motion should be reinstated, since it is undisputed that ECI was served with the TRO.

The court providently exercised its discretion in determining that plaintiff's motion for contempt against all defendants with respect to all other periods of time should be tried with the balance of this action, since the issue of defendants' possible contempt is largely related to plaintiff's action against defendants, and the court was not required to determine the issue prior to trial.

The court also properly denied that part of plaintiff's initial motion for monetary sanctions against defendants. There is no indication defendants or their attorneys intentionally prepared and altered exhibits (*compare Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [2006], *with 317 W. 87 Assoc. v Dannenberg*, 159 AD2d 245 [1990], *and PDG Psychological, P.C. v State Farm Ins. Co.*, 9 Misc 3d 172 [2005]).

Denial of that branch of plaintiff's initial motion that sought discovery sanctions pursuant to CPLR 3126 with leave to renew was also a proper exercise of discretion. Since plaintiff never made a formal discovery request pursuant to CPLR 3120, and defendants have complied with some informal discovery requests and discovery orders, it cannot be said that the latter's delay in disclosing certain documents was willful or contumacious (*see e.g. Guzetti v City of New York*, 32 AD3d 234 [2006]).

Plaintiff's motion to renew was properly denied since he failed to offer a reasonable excuse for not presenting the new evidence on the prior motion (CPLR 2221 [e] [3]) when it could have been obtained through discovery (*see Cohoes Realty Assoc. v Lexington Ins. Co.*, 266 AD2d 11 [1999], *lv dismissed* 94 NY2d 875 [2000]). To the extent plaintiff seeks to appeal the denial of so much of his motion as sought reargument, that portion of the order is not appealable. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.

■ In the Matter of MIKE SOTO, Appellant, v NERO GRAM, JR., et al., Respondents, and NELSON L. CASTRO, Respondent. [863 NYS2d 386]—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), entered on or about August 15, 2008, unanimously affirmed for the reasons stated by Seewald, J., without costs or disbursements.

No opinion. Order filed. Concur—Lippman, P.J., Tom, Acosta, DeGrasse and Freedman, JJ.

■ In the Matter of MARRICKA SCOTT-MCFADDEN, Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and VERENA C. POWELL, Respondent. [863 NYS2d 386]—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), entered on or about August 15, 2008, unanimously affirmed for the reasons stated by Seewald, J., without costs or disbursements.

No opinion. Order filed. Concur—Lippman, P.J., Tom, Acosta, DeGrasse and Freedman, JJ.

■ In the Matter of NELSON CASTRO et al., Appellants, v NEW YORK CITY BOARD OF ELECTIONS et al., Respondents, and HECTOR RAMIREZ, Intervenor-Respondent. [863 NYS2d 386]—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), entered on or about August 15, 2008, unanimously affirmed for the reasons stated by Seewald, J., without costs or disbursements.

No opinion. Order filed. Concur—Lippman, P.J., Tom, Acosta, DeGrasse and Freedman, JJ.

■ In the Matter of MAJORIE RITZER, Appellant, v PEDRO ESPADA, JR., Respondent, et al., Respondents. [863 NYS2d 386]—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), entered on or about August 15, 2008, unanimously affirmed for the reasons stated by Seewald, J., without costs or disbursements.

No opinion. Order filed. Concur—Lippman, P.J., Tom, Acosta, DeGrasse and Freedman, JJ.

(August 26, 2008)

■ TRINITY ASSOCIATES, INC., Respondent, v TELESECTOR RESOURCES GROUP, INC., Doing Business as VERIZON SERVICES GROUP, INC., Appellant. [863 NYS2d 186]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 24, 2007, awarding plaintiff the principal sum of $1,251,895, and bringing up for review an order, same court and Justice, entered May 10, 2007, to the extent it denied in part defendant's motion to set aside the jury's verdict, affirmed, with costs. Appeal from the order dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant contends that as a matter of law, it was permitted